UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEVERLY D. ANTWI,<br><br>      Plaintiff,<br><br>  -against-<br><br>DOUGLAS K. STERN, ESQ.; ABRAMS, FENSTERNMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA & WOLF LLP; ANDREW RACINE; DR. ALAN YANCOVITCH; DR. DIMITRI BRONOVITSKI; BRONX PSYCHIATRIC CENTER; ASSISTED OUT PATIENT TREATMENT; ACT TEAM; ACT TEAM DIRECTOR IAN DACOSTA; PSYCHIATRIC TREATMENT MEDICATION MANAGEMENT; NEW YORK STATE OFFICE OF MENTAL HEALTH & HYGIENE,<br><br>      Defendants. | 17-CV-7888 (CM)<br><br>ORDER TO AMEND |

COLLEEN McMAHON, Chief United States District Judge:

  Plaintiff Beverly D. Antwi brings this action *pro se* alleging violations of her constitutional rights. By order dated October 17, 2017, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint.

## STANDARD OF REVIEW

  The Court must dismiss an in forma pauperis complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Named as defendants in this complaint are Douglas K. Stern, Esq.; Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf LLP; Andrew Racine; Dr. Alan Yancovitch; Dr. Dimitri Bronovitski; Bronx Psychiatric Center; Assisted Out Patient Treatment; ACT Team; ACT Team Director Ian Dacosta; Psychiatric Treatment Medication Management; New York State Office of Mental Health & Hygiene. Plaintiff alleges that:

> the[re] have been several arrests and forced medication management without a legal court order in place. I believe legal [coercion] of judges is happening. Is it legal for supreme court justices to be forced to sign court orders against their will, when they disagree with the petitioner?

(Compl., ¶ IA.) In addition, Plaintiff asserts that she was "served with a final order" bearing a "different signature" from the "judge's stamp," and that there was "no legal precedence for an ACT Team or an AOT to be initiated."[1]

> I had only been hospitalized once and it was voluntary. I also was not in violation of any OMH laws. I was residing legally at the Franklin Women's Shelter, I was receiving meals, I was in no medical health crisis, I was suffering from no psychological or delusional episodes. I complained of stalking, and was told I was a negative influence in NYC because stalking me (which was the implication) brings money to New York City. Also, [they're] forcing me to live on $120 a month.

(*Id.*, ¶ III.) Plaintiff seeks the following relief:

> I want honorary Ben. R. Barrato who was [coerced] given the monetary value of the whole self-worth of Bx Psychiatric Center and ACT Team services. And the

---

[1] AOT stands for "Assisted Outpatient Treatment." N.Y. Mental Hyg. Law § 9.60 (commonly known as "Kendra's Law").

businesses themselves returned to New York City government as government run hospitals.

(*Id.*, ¶ IV.)[2]

## DISCUSSION

**A.      Potential Claims Under 42 U.S.C. § 1983**

The Court liberally construes Plaintiff's allegations as arising under 42 U.S.C. § 1983. To state a § 1983 claim, Plaintiff must allege that a defendant, acting under color of a state "statute, ordinance, regulation, custom or usage," violated her federal or constitutional rights. *See* 42 U.S.C. § 1983. Private parties are not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Plaintiff may be bringing a claim about being involuntarily hospitalized or forcibly medicated.

Involuntary hospitalization is a "massive curtailment of liberty" and, therefore, is not permissible without due process of law. *Vitek v. Jones*, 445 U.S. 480, 491-92 (1980). "Substantive due process prohibits states from involuntarily committing nondangerous mentally ill individuals." *Bolmer v. Oliveira*, 594 F.3d 134, 142 (2d Cir. 2010) (citing *O'Connor v. Donaldson*, 422 U.S. 563, 575-76 (1975)). Chapter 9 of New York's Mental Hygiene Law requires a showing that the patient poses a danger to herself or others before commitment and

---

[2] Plaintiff has previously filed cases in this Court. *See Antwi v. Montefiore Med. Ctr.,* No. 14-CV-840 (ER) (RLE) (S.D.N.Y. Nov. 18, 2014) (dismissed for failure to state a claim and for lack of subject matter jurisdiction); *Antwi v. FEGS*, No. 13-CV-835 (ER) (RLE) (S.D.N.Y. Apr. 16, 2015) (stayed pending disposition of bankruptcy appeal).

provides numerous procedures to ensure that the involuntary commitment is appropriate. *See* N.Y. Mental Hyg. Law § 9. A patient has the right to contest her involuntary commitment through a court hearing. *See id.* at § 9.31. The Second Circuit has held the provisions of the Mental Hygiene Law to be facially constitutional. *See Project Release v. Provost*, 722 F.2d 960, 971 (2d Cir. 1983).

Additionally, the Fourteenth Amendment protects the right of a competent person to refuse unwanted medical treatment, *Cruzan v. Director, Mo. Dep't of Health*, 497 U.S. 261, 278 (1990), including the unwanted administration of antipsychotic drugs. *Coleman v. State Supreme Court*, 697 F. Supp. 2d 493, 509-10 (S.D.N.Y. 2010). A patient's liberty interest in not being involuntarily medicated is overridden in an emergency, however, where failure to medicate forcibly would result in a substantial likelihood of physical harm to that patient, other patients, or to staff members of the institution. *Kulak v. City of N.Y.*, 88 F.3d 63, 74 (2d Cir. 1996) ("Such a right may be set aside only in narrow circumstances, including those where the patient 'presents a danger to himself or other members of society or engages in dangerous or potentially destructive conduct within the institution.'"); *Odom v. Bellevue Hosp. Ctr.*, 93-CV-2794 (CSH), 1994 WL 323666 at *3 (S.D.N.Y. July 5, 1994). A doctor "will not be liable under § 1983 for the treatment decisions he makes unless such decisions are 'such a substantial departure from accepted judgment, practice, or standards as to demonstrate that he actually did not base the decision on such a judgment.'" *Kulak*, 88 F.3d at 75 (quoting *Youngberg v. Romeo*, 457 U.S. 307, 323 (1982)); *Kraft v. City of New York*, 696 F.Supp.2d 403, 412-13 (S.D.N.Y. 2010).

Plaintiff's allegations are not sufficient to state a claim that she was detained or medicated without due process, or that Defendants otherwise acted improperly or unlawfully.[3] In fact, the underlying events occurred pursuant to a state court proceeding.[4] Moreover, it is entirely unclear what relief Plaintiff seeks from this Court. The Court grants Plaintiff leave to file an amended complaint to provide facts regarding the events giving rise to this complaint.

## B.    Personal Involvement

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights.

---

[3] For a state court to order AOT, a petitioner must show by clear and convincing evidence that seven statutory criteria have been met. § 9.60(e)(1), (j)(3). These criteria are that the individual: "is eighteen years of age or older; is suffering from a mental illness; is unlikely to survive safely in the community without supervision; has a history of noncompliance with treatment for mental illness . . .; is, as a result of mental illness, unlikely to participate voluntarily in outpatient treatment that would enable him to live safely in the community; is in need of AOT to prevent a relapse or deterioration that would be likely to result in serious harm to himself or others; and is likely to benefit from AOT." § 9.60(c).

[4] To the extent Plaintiff is challenging a final state court order, any such claim is barred under the *Rooker-Feldman* doctrine. The doctrine — created by two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) — precludes federal district courts from reviewing final judgments of the state courts. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that federal district courts are barred from deciding cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."). Challenges to court orders concerning involuntary medication may be barred under this doctrine. *See, e.g.*, *Spencer v. Bellevue Hosp.*, No. 11-CV-7149 (CM), 2012 WL 1267886, at *5 (S.D.N.Y. Apr. 12, 2012) ("[T]o the extent plaintiff is attempting to assert a Section 1983 claim against these defendants based upon her belief that the involuntary commitment orders . . . were illegal, such claim is barred by the *Rooker–Feldman* doctrine.") (internal quotation marks omitted).

*See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). An individual defendant can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[5]

Plaintiff names defendants without explaining how each individual was personally involved in the events underlying her claims. Moreover, Plaintiff names private individuals and entities, but she fails to provide facts suggesting that their actions should be attributed to the state. Generally, private parties cannot be held liable under § 1983.[6] Plaintiff should address this issue in any amended complaint she files.

---

[5] "Although the Supreme Court's decision in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

[6] The facts alleged could arguably give rise to state law claims. A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). If Plaintiff fails to state a claim under federal law in her amended complaint, the state-law claims may be dismissed under 28 U.S.C. § 1367(c)(3) without prejudice to Plaintiff's pursuing those claims in an appropriate state-court forum.

**C.      Claims against the New York State Office of Mental Health**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.*

The Office of Mental Health (OMH) is an agency of New York State. *Capers v. Kirby Forensic Psychiatric Ctr.*, No. 13-CV-6953 (AJN), 2016 WL 817452, at *1 (S.D.N.Y. Feb. 25, 2016) (noting dismissal of claims against Kirby under the Eleventh Amendment). New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's § 1983 claims against OMH are therefore barred by the Eleventh Amendment and are dismissed with prejudice on immunity grounds and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

**LEAVE TO AMEND**

Plaintiff is granted leave to amend her complaint to detail her claims of arrests, involuntary hospitalization, and forced medication. First, Plaintiff must name as the defendant(s) in the caption[7] and in the statement of claim those individuals who were allegedly involved in the

---

[7] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

deprivation of her federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[8] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, she must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

---

[8] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated her federally protected rights; what facts show that her federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The New York State Office of Mental Health is dismissed from the action on immunity grounds. *See* 28 U.S.C. § 1915 (e)(2)(B)(iii).

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 17-CV-7888 (CM). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    October 26, 2017
             New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

____ Civ. _____ ( ____ )

**AMENDED COMPLAINT**

Jury Trial:  ☐ Yes    ☐ No
(check one)

## I.    Parties in this complaint:

A.    List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff        Name _____

                 Street Address _____

                 County, City _____

                 State & Zip Code _____

                 Telephone Number _____

B.    List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1     Name _____

                    Street Address _____

                    County, City _____

                    State & Zip Code _____

                    Telephone Number _____


Defendant No. 2     Name _____

                    Street Address _____

                    County, City _____

                    State & Zip Code _____

                    Telephone Number _____


Defendant No. 3     Name _____

                    Street Address _____

                    County, City _____

                    State & Zip Code _____

                    Telephone Number _____


Defendant No. 4     Name _____

                    Street Address _____

                    County, City _____

                    State & Zip Code _____

                    Telephone Number _____


## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction?  *(check all that apply)*

      ☐ Federal Questions              ☐ Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right
      is at issue? _____
      _____
      _____

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

      Plaintiff(s) state(s) of citizenship _____

      Defendant(s) state(s) of citizenship _____
      _____

### III. Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.      Where did the events giving rise to your claim(s) occur? _____
_____

B.      What date and approximate time did the events giving rise to your claim(s) occur? _____
_____
_____

C.      Facts:  _____
_____

> **What happened to you?**

_____
_____
_____
_____

> **Who did what?**

_____
_____
_____
_____

> **Was anyone else involved?**

_____
_____
_____

> **Who else saw what happened?**

_____
_____
_____
_____

### IV. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.  _____
_____
_____
_____
_____
_____
_____

**V.     Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are

seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

|   |   |
|---|---|
| Signature of Plaintiff | _____ |
| Mailing Address | _____ |
|  | _____ |
|  | _____ |
| Telephone Number | _____ |
| Fax Number *(if you have one)* | _____ |

<u>Note</u>:     All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners
must also provide their inmate numbers, present place of confinement, and address.

<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering
this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for
the Southern District of New York.

|   |   |
|---|---|
| Signature of Plaintiff: | _____ |
| Inmate Number | _____ |